JESSIE MAY PARKINSON, Appellee, v. LIZZIE FLEMING et al., Appellants.

No. 39156.

JANUARY 23, 1929.

REHEARING DENIED MAY 17, 1929.

*Charles D. Goldsmith,* for appellants.

*J. B. Tourgee* and *Jacobs & McCaulley,* for appellee.

FAVILLE, J.—Plaintiff and her late husband, Walter Parkinson, were married February 21, 1921. Parkinson died in the spring of 1926. This action was commenced in July of that year. The defendants Lizzie Fleming, Gertrude Graves, Hazel Brooks, and Sadie Hamm are the sole heirs at law of said decedent. Defendants filed a joint answer. As finally submitted, the answer contained but one count material to this appeal, and this count tendered a plea of former adjudication. It is alleged in said count of the answer that, on August 28, 1922, there was pending in the district court of Sac County an action wherein this plaintiff was plaintiff, and wherein this plaintiff had sued out a writ of attachment against the property of the said Walter Parkinson, and had levied the same upon the said described real estate as the property of said Parkinson; that in said action the defendant Fred Hamm appeared by intervention, and filed a petition wherein he alleged that he was the owner of the real estate in controversy under and by virtue of a parol contract of purchase between him and said Parkinson, and alleged that he had had possession of said premises. He prayed that his title be established against the adverse claims of both plaintiff and defendant in said action. The plaintiff answered said petition of intervention by a general denial, with admissions as to Hamm's possession of said premises. Parkinson defaulted in said case. On December 18, 1922, a decree was entered in said cause. Said decree contained the following recitals:

"* * * this matter coming on to be heard upon the issues raised in the pleadings as between the petition of intervention of Fred C. Hamm and the default of the defendant Walter Parkinson * * *; that plaintiff has appeared December 18th, 1922,

and answered the petition of intervention of said Fred C. Hamm; therefore the court finds defendant to be in default for .want of an answer to such petition, and the default of defendant is hereby entered of record.''

The court found:

''That on or about the 8th day of June, 1922, plaintiff sued out of the district court of Sac County, Iowa, a writ of attachment against the property of the defendant Walter Parkinson, and levied the same upon the west half of the northeast quarter of Section eleven, Township eighty-seven, Range thirty-six west of the 5th P. M., Iowa, as being the property of ¡Walter Parkinson, the defendant herein.

''That the defendant Walter Parkinson, as against the intervener, is not the owner of said real estate so described; that he had no right, title, or interest therein.

''That the intervener, at the time of such levy and during the eight years preceding thereto, has been and now is the absolute owner thereof, and during such time has been in full, peaceable, and quiet possession of the same, except as to the attachment levied by plaintiff.

''That, for a full and fair consideration fully paid, he acquired such title and ownership and possession of said premises, under and through a contract resting in parol, made with the defendant Walter Parkinson on or about the 15th day of February, A. D. 1914.''

The court decreed:

''It is further found, considered, and adjudged that, by virtue of said oral contract and the peaceable and uninterrupted possession of said premises by the intervener for the time hereinbefore mentioned, the Fred C. Hamm is the absolute owner of the said west half of the northeast quarter of Section eleven, Township eighty-seven, Range thirty-six west of the 5th P. M., Sac County, Iowa, in fee simple. It is therefore ordered and adjudged that, as against. the defendant Walter Parkinson, the title to the said premises hereinbefore described be quieted in said intervener, Fred C. Hamm.''

The decree further recites:

348

"This decree is not to affect the rights of the plaintiff in this action, if any."

The defendants set up the proceedings in said former action in a separate count, and pleaded *res adjudicata* because thereof. The court sustained plaintiff's motion to strike said count of the answer. Said motion was as follows:

"* * * for the reason that the decree cited therein shows that all the rights of the plaintiff were reserved, and were not affected, and the proceedings as set out, in leading up to said decree, show that the right therein sought to be enforced was tendered as an issue by the defendant Fred Hamm, and for the further reason that the facts stated in said Count 4 do not entitle the said defendant to the defensive relief demanded."

The ruling upon the motion to strike this count of the answer presents the sole question for our determination.

This case is determined by our opinion in *Hargrave v. City of Keokuk*, 208 Iowa ——. Following the conclusion in said case, the judgment of the instant case must be—*Affirmed*.

All the justices concur.